Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
Katie M. Greenbaum CA Bar No. 312379
katie.greenbaum@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REVITAL AZARGIN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.<br><br>**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)**<br><br>[*Civil Cover Sheet, Notice of Interested Parties, Declaration of Katie Greenbaum, and Declaration of Reena Maico-Smith filed concurrently herewith*]<br><br>Complaint Filed: September 29, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND HER COUNSEL OF RECORD, AND ALL OTHER PARTIES:**

1. PLEASE TAKE NOTICE that Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("VITAS"), hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1446 on the following grounds: This District Court has original jurisdiction of this civil action because: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) is between citizens of different States. The action is therefore removable under 28 U.S.C. sections 1332, 1441(a), and 1441(b). The circumstances justifying removal jurisdiction are set forth in detail below. The facts stated herein were true when Plaintiff REVITAL AZARGIN ("Plaintiff") filed her Complaint and remain true as of the filing date of this Notice of Removal.

## I. <u>THE STATE COURT ACTION</u>

2. On September 29, 2025, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angeles captioned *Revital Azargin v. VITAS Healthcare Corporation of California, et al.*, Case No. 25STCV28414 ("Action"). (Declaration of Katie M. Greenbaum, ["Greenbaum Decl."], ¶ 2.) The Complaint asserts claims arising from Plaintiff's employment with VITAS.

3. VITAS was served on or about October 3, 2025. (Greenbaum Decl., ¶ 3.) A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment Unlimited Civil Case, and Alternative dispute Resolution Packet are attached to this Notice of Removal as **<u>Exhibit A</u>**. Exhibit A is all process, pleadings, and orders on file.

4. On December 13, 2024, VITAS filed and served its Answer to the Complaint. A true and correct copy of the Answer is attached hereto as **<u>Exhibit B</u>**. (*See,* Greenbaum Decl., ¶ 4.)

## II. THE REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999). VITAS was served on or about October 3, 2025 (Greenbaum Decl., ¶ 3.) Here, the deadline to remove is November 3, 2025, so this Notice is timely as served within the 30-day statutory period for filing this removal. 28 U.S.C. § 1446(b).

## III. BASIS FOR REMOVAL

### A. Complete Diversity Exists

6. Sufficient party diversity exists. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

7. VITAS is informed and believes that Plaintiff was, when she filed the Action, and still is, a citizen of, domiciled and residing in California. Plaintiff pleads in her Complaint that at all times relevant, "Plaintiff has been a resident of the State of California." (Complaint, ¶ 2; *see also* Declaration of Reena Maico-Smith ["Maico-Smith Decl."], ¶ 5.) Plaintiff reported to work for VITAS in California. (Complaint, ¶ 8.) Thus, Plaintiff is a citizen of **California**.

8. VITAS is, and at the time of filing this Action was, a corporation formed under the laws of Delaware with its principal place of business in Florida. (Maico-Smith Decl., ¶¶ 2-4.) A corporation is a citizen of every state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). VITAS is a Delaware corporation with its principal place of business in Florida. (*Id.*) Therefore, VITAS is a citizen of **Delaware** and **Florida**, not California.

9. Complete diversity exists here because the Plaintiff is a citizen of a different state (California) than VITAS (Delaware and Florida). This court has original

jurisdiction of this matter under 28 U.S.C. section 1332(a)(1), and the action is properly removable under section 1441(a).

**B. The Amount in Controversy Exceeds the Jurisdictional Minimum**

10. VITAS asserts that the amount in controversy, exclusive of interest and costs, is greater than $75,000. 28 U.S.C. § 1446(c)(2)(A)(ii). Plaintiff's complaint includes causes of action for: (1) Discrimination Based on Religion in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Whistleblower Retaliation; (3) Retaliation in Violation of California Health and Safety Code § 1278.5(b)(1)(A); (4) Failure to Prevent Discrimination in Violation of FEHA: and (5) Wrongful Termination in Violation of Public Policy. Based on these five causes of action, Plaintiff prays for actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest; compensatory and general damages for emotional distress; punitive damages; attorney's fees; statutory penalties; costs of suit; injunctive relief; and restitution. (Complaint, Prayer ¶¶ 1-10.) Plaintiff's Complaint also pleads a money judgment "more than $35,000." (Complaint, ¶ 10.)

11. As an initial matter, Vitas is only required to make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014); *see also Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d 1032, 1037 (N.D. Cal. 2014) (quoting from a House Report that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."). The Court may, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *See, e.g., Academy of Country Music v. Continental Casualty Co.,* 991 F.3d 1059, 1068-1070 (9th Cir. 2021).

12. In determining whether the jurisdictional minimum is met, the Court considers damages "that can reasonably be anticipated at the time of removal, not

merely those already incurred." *Simmons v. PCR Tech.,* 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002). The Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13. Alleged lost earnings, emotional distress, punitive damages, and attorney's fees should all be considered in determining the amount in controversy. *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (emotional distress properly considered to exceed jurisdictional minimum); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Kroske v. US, Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (attorneys' fee claims properly considered to exceed minimum amount requirement).

14. Here, Plaintiff seeks damages for lost earnings. Plaintiff alleges wrongful termination in or around February 12, 2025. (Complaint, ¶ 25; Maico-Smith Decl., ¶ 5.) Plaintiff also alleges that she has suffered economic harm, including loss of salary and benefits, and intangible loss of employer-related opportunities, as well as lost professional reputation. (Complaint, ¶¶ 58, 84, 97, Prayer for Relief.) Plaintiff's base rate of pay at the time of the alleged wrongful termination was $38 per hour, and he was hired to work 40 hours per week as a full-time employee, which amounts to $79,040 on an annualized basis. (Maico-Smith Decl., ¶ 5.) Thus, as of the time of this removal, her loss of earnings alone amounts to over $56,000. (*Id.*)

15. Plaintiff is also seeking attorney's fees. (Complaint, ¶¶ 39, 60, 76, 86, Prayer for Relief.) The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not

merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). "Several courts in this district, including this Court, have taken this approach and determined that a reasonable, conservative estimate for attorneys' fees in a wrongful termination case is to multiply an average rate of $300 with an estimated 100 hours of work." *Aguilar v. Wells Fargo Bank, N.A.,* 2015 WL 6755199, *7 (C.D. Cal. Nov. 4, 2015). Based on these figures, it is reasonable to conclude that at least $30,000 in attorneys' fees are in controversy here.

16. Plaintiff is also seeking emotional distress damages. (Complaint, ¶¶ 38, 59, 75, 89, 98, Prayer for Relief.) Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy requirement).

17. While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of the amount in controversy); *Bennett v. Alaska Airlines, Inc.*, 2014 WL 1715811, at *3 (C.D. Cal. Apr. 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases).

18. As the following cases show, emotional distress damages in employment discrimination actions are often sufficient, in and of themselves, to satisfy the amount in controversy requirement:

- *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination

case where the plaintiff did not even seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress);

- *Anderson v. American Airlines*, 352 Fed. App'x. 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case); and
- *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in discrimination action).
- *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) (pain and suffering award of $250,000 in discrimination action).

Based on this, Plaintiff's claims for emotional distress damages alone put the amount in controversy in this matter over $75,000.

19. Plaintiff also seeks punitive damages. (Complaint, ¶¶ 40, 61, 77, 87, Prayer for Relief.) Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963).

20. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Super. Ct. Orange County) ($600,000 award of punitive damages in discrimination case). Therefore, Plaintiff's claims for punitive damages alone puts the amount in controversy above the jurisdictional minimum of this Court.

21. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between

citizens of different states and the matter in controversy, according to Plaintiff's Complaint and upon information and belief, exceeds the sum of $75,000, exclusive of interest and costs.

## IV. VENUE IS APPROPRIATE

22. The Superior Court of California, County of Los Angeles is within the territory of the Central District of California. Venue for removal is proper under 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. APPROPRIATE NOTICE PROVIDED

23. Under 28 U.S.C. section 1446(d), promptly after filing this Notice of Removal, VITAS will give separate written notice to all adverse parties and shall file a copy of said notice with the clerk of the Superior Court of California, County of Los Angeles. (Greenbaum Decl. ¶ 5.)

## VI. CONCLUSION

24. VITAS satisfied all requirements for removal of this Action. Under 28 U.S.C. section 1446(a), VITAS has prepared and will file this Notice, which has a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon VITAS. (See Exs. A, B.) Under 28 U.S.C. § 1446(b), this Notice of Removal was filed within 30 days after VITAS was served with the Complaint. Per 28 U.S.C. § 1446(d), VITAS will provide notice of this removal to Plaintiff through her attorney of record and all adverse parties. Finally, as required by 28 U.S.C. §1446(d), VITAS will file a copy of the notice with the clerk of the Superior Court of California, County of Los Angeles.

25. If this Court has a question regarding the propriety of this Notice of Removal, VITAS asks for the Court to issue an Order to Show Cause so they may have an opportunity to more fully brief the Court on the basis for this removal.

WHEREFORE, Defendant VITAS Healthcare Corporation of California respectfully removes the above-referenced action to this Court.

DATED: November 3, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Spencer C. Skeen*
Spencer C. Skeen
Jesse C. Ferrantella
Katie M. Greenbaum
Attorneys for Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA